# EXHIBIT A

1

**B | B LAW GROUP LLP**
Virginia Ksadzhikyan, State Bar No. 309140
VKsadzhikian@BBLawGroupLLP.com
Tina Heidari, State Bar No.: 340794
THeidari@BBLawGroupLLP.com
6100 Center Drive, Ste. 1100
Los Angeles, CA 90045
Telephone: (323) 925-7800
Facsimile:  (323) 925-7801

**ELECTRONICALLY FILED**
**3/9/2022 10:32 AM**
**Kern County Superior Court**
**By Vickie Fogerson, Deputy**

Attorneys for Plaintiff,
ANYA BATH

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF KERN**

BCV-22-100549

| | |
|---|---|
| ANYA BATH, an individual, | COMPLAINT FOR DAMAGES FOR: |
| Plaintiff, | |
| v. | (1) SEX/GENDER HARASSMENT IN VIOLATION OF FEHA |
| MILLENNIUM ENGINEERING AND INTEGRATION CO.; VERTEX AEROSPACE LLC; LINDA SNODEN; and DOES 1 through 100, inclusive, | (2) SEX/GENDER DISCRIMINATION IN VIOLATION OF FEHA; |
| | (3) HOSTILE WORK ENVIROMENT HARASSMENT IN VIOLATION OF FEHA; |
| Defendants. | (4) SEX/GENDER RETALIATION IN VIOLATION OF FEHA; |
| | (5) FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION IN VIOLATION OF FEHA; |
| | (6) NEGLIGENT HIRING AND RETENTION; |
| | (7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | (8) WHISTLEBLOWER VIOLATIONS UNDER LABOR CODE § 1102.5 |
| | (9) RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| | [JURY TRIAL DEMANDED ON ALL ISSUES AND ALL CAUSES OF ACTION] |

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 6

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The following is pled on information and belief:

1.      At all times mentioned in this complaint, the PLAINTIFF ANYA BATH (hereinafter referred to as "PLAINTIFF" or "BATH") was and is a resident of the County of Kern, California and was an employee of defendants.

2.      At all times mentioned in this complaint, DEFENDANT MILLENNIUM ENGINEERING AND INTEGRATION CO., and DOES 1 to 25 (hereinafter, individually referred to as "MILLENIUM" or collectively with all other defendants as "EMPLOYERS" or "DEFENDANTS") was and is a California company, and was conducting business in the County of Kern, California.

3.      At all times mentioned in this complaint, DEFENDANT VERTEX AEROSPACE LLC, and DOES 26 to 50 (hereinafter, individually referred to as "VERTEX" or collectively with all other defendants as "EMPLOYERS" or "DEFENDANTS") was and is a Mississippi company, and was conducting business in the County of Kern, California.

4.      At all times mentioned in this complaint, DEFENDANT LINDA SNODEN and DOES 51 to 100 (hereinafter, individually referred to as "SNODEN" and collectively with all other defendants as "DEFENDANTS") was and is a resident of the County of Kern, California and was and is an agent of EMPLOYERS.

5.      MILLENNIUM and VERTEX employed Plaintiff BATH to work for EMPLOYERS in the County of Kern, California.

6.      The true names and capacities of the DEFENDANTS named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sues such DEFENDANTS by fictitious names pursuant to Code of Civil Procedure Section 474.  PLAINTIFF is informed and believes that the Doe DEFENDANTS are California residents.  Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

7.      Plaintiff is informed and believes, and thereby alleges, that each of the Defendants,

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

2
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 7

herein were at all times the agent and/or employee of each of the remaining defendant, and was at all times mentioned, acting within the course and scope of said agency and/or employment, and each defendant was acting with the full knowledge and consent of his superior or principal, and each such principal or superior at all times ratified and acquiesced in each and every act of each defendant and agent thereof, and as such each defendant bound the other by its act and deed.

8. Plaintiff is informed and believes, and thereby allege, that each Defendant acted as an integrated enterprise with the others, were alter egos of each other, were joint employers of Plaintiff, were acting as partners, were successors in interest of the other, and/or were a joint venture during the employment of Plaintiff. Further, each of the Defendants aided, abetted, incited, compelled, and/or coerced one another, and/or conspired with one another, to do the acts alleged herein.

9. Whenever and wherever reference is made in this complaint to any act by a DEFENDANT or DEFENDANTS, such allegations and references shall also be deemed to mean the acts or failures to act of each defendant acting individually, jointly and severally.

10. PLAINTIFF filed complaints against all Defendants with the Department of Fair Employment and Housing, thereby exhausting the administrative remedies. PLAINTIFF has received a letter from the Department of Fair Employment and Housing giving PLAINITFF the right to sue Defendants. A true and correct copy of the right to sue letter is attached hereto as Exhibit A and incorporated as though set forth herein.

11. During PLAINTIFF'S employment, she was subjected to sex/gender harassment and discrimination, violations of public policy, and retaliation for complaining of the unlawful conduct by DEFENDANTS whereby she was wrongfully terminated after she filed numerous complaints.

12. During PLAINTIFF's employment with Defendant EMPLOYERS, DEFENDANTS engaged in a continuous, regular, and persistent pattern of sex/gender discrimination towards PLAINTIFF, as well as other female employees, which PLAINTIFFS either witnessed or was informed about and all DEFENDANTS created an environment that favored men and discredited women. PLAINTIFF was terminated due to her sex/gender, received unwarranted criticism and discipline due to her sex/gender, and witnessed Defendant target other female employees with

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

3
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 8

1  unwarranted criticism and discipline due to their sex/gender—female, among other discriminatory

2  actions.

3        13.    Defendant VERTEX hired Plaintiff BATH as a Configuration Management

4  Specialist in or around September 2016.

5        14.    MILLENNIUM ENGINEERING AND INTEGRATION allowed Ms. BATH to be

6  subjected to sexual/gender harassment, hostile work environment sexual/gender harassment, and

7  sex/gender discrimination.

8        15.    During PLAINTIFF's employment with DEFENDANTS, she worked with LINDA

9  SNODEN, who was a Configuration Management Specialist for DEFENDANTS.

10       16.    Since PLAINTIFF's first week at MILLENNIUM ENGINEERING AND

11  INTEGRATION, Defendant LINDA SNODEN was unwelcoming and abusive to PLAINTIFF and

12  other female employees but favorable to males.

13       17.    LINDA SNODEN frequently made inappropriate and derogatory sex/gender-based

14  comments about Ms. Bath and other female employees. Specifically, Defendant LINDA SNODEN

15  repeatedly referred to female employees in the workplace as "Bitch," and "Fucking cunt."

16       18.    Around December 2017, when many of the female employees were away, Defendant

17  LINDA SNODEN told PLAINTIFF and another employee, Carla, "There's not enough people here

18  for a cat fight"

19       19.    Defendant LINDA SNODEN often made multiple references to specific female

20  employees. For example, in reference to another female employee, Kate McMurtry, Defendant

21  LINDA SNODEN asked PLAINTIFF "Who knows how many people she slept with to get where

22  she is?"

23       20.    Defendant LINDA SNODEN routinely made inappropriate sex/gender-based

24  comments about female employees in the workplace both to and in the presence of PLAINTIFF. On

25  one specific instance, Defendant LINDA SNODEN told PLAINTIFF "I know what I'm getting

26  Kelly for Christmas, a pillow so she can use it on the hangar floor" in reference to a female employee,

27  Kelly Irving.

28       21.    Further, Defendant LINDA SNODEN called a pregnant woman "Humpty dumpty"

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

4

and "Fucking cow" because of how she looked while pregnant.

22.    PLAINTIFF complained about and protested this conduct on multiple occasions to her supervisor, Angel Guilloty, only to be told "you guys need to get along." Defendant SNODEN brushed off PLAINTIFF's complaints and continued to make inappropriate sex/gender-based comments throughout PLAINTIFF's employment.

23.    As the harassing and discriminatory conduct was unrelenting, PLAINTIFF complained about these comments and treatment to Defendant EMPLOYERS's Human Resources. However, Defendant's Human Resources failed to investigate the harassment to which PLAINTIFF and other female employees were routinely subjected to. Furthermore, Defendant LINDA SNODEN was never reprimanded in any way, and PLAINTIFF was never questioned or interviewed regarding her complaints of harassment and discrimination. Further, PLAINTIFF was not informed of the result of any investigation either. Said sex/gender harassing conduct and gender/sex discrimination occurred on a continuous and frequent basis.

24.    Furthermore, PLAINTIFF reported Defendant LINDA SNODEN's unlawful activities for logging information incorrectly. According to Defendant EMPLOYERS's policy, planes were not allowed to fly with a "critical issue," but one plane in particular had been flying for over ten years with a "critical one hazard", which PLAINTIFF reported. Within hours of making the report, PLAINTIFF was terminated effective March 27, 2020.

25.    In direct response to PLAINTIFF'S reports of violations of public policies, reports and complaints of labor violations as well as other reports, DEFENDANTS retaliated against PLAINTIFF, including, but not limited to terminating PLAINTIFF, retaliating against PLAINTIFF in the terms, conditions and privileges of her employment, subjecting PLAINTIFF to emotional distress, failing to reinstate PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, as well as other adverse actions.

26.    PLAINTIFF worked diligently for Defendant EMPLOYERS at all times.

27.    In extremely close temporal proximity to PLAINTIFF's complaints of discrimination, harassment, and report of unlawful activities, DEFENDANTS terminated PLAINTIFF's employment based, in part, on her sex/gender, and related complaints.

28.     Defendant MILLENIUM terminated PLAINTIFF on or about March 27, 2020. PLAINTIFF has not been re-hired, re-employed and/or reinstated, at any point, after his firing on or about March 27, 2020.

29.     At all relevant times mentioned in this complaint, PLAINTIFF performed her job for Defendant EMPLOYERS in a satisfactory and competent manner.

30.     The damages sought by PLAINTIFF in this action far exceed the minimum jurisdictional amount of this court; and, as to that jurisdictional amount, this court has jurisdiction of this matter. PLAINTIFF has sustained general and special damages within the jurisdictional limits of this Court.

31.     PLAINTIFF seeks damages, attorney fees, costs, and any other entitled to under the law pursuant to the claims alleged in this complaint.

32.     The conduct which PLAINTIFF complains of in this complaint, and which is alleged below, was carried out by DEFENDANTS willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights as guaranteed by the state law pursuant to which PLAINTIFF is entitled to an award of exemplary damages according to proof.

33.     PLAINTIFF has had to employ an attorney to prosecute this action and have thereby incurred costs and attorney fees.  Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

### FIRST CAUSE OF ACTION

### SEX/GENDER HARASSMENT IN VIOLATION OF FEHA

### California Government Code §§ 12940 et seq.

By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,

VERTEX AEROSPACE LLC, LINDA SNODEN & DOES 1-100

34.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

35.     Defendant EMPLOYERS employed at least five employees during all relevant time periods of Plaintiff's employment.

BJ B LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 11

36.     At all times relevant herein, Plaintiff's sex/gender (female) made her a member of a protected class pursuant to the FEHA.

37.     On a severe and/or pervasive basis throughout PLAINTIFF's employment with Defendant EMPLOYERS, and continuing at least through the time of Plaintiff's wrongful termination on or about March 27, 2020, Defendant EMPLOYERS and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's sex/gender—female, through the following actions, among others:

a) MILLENNIUM ENGINEERING AND INTEGRATION allowed Ms. BATH to be subjected to sexual/gender harassment, hostile work environment sexual/gender harassment, and sex/gender discrimination.

b) Since PLAINTIFF's first week at MILLENNIUM ENGINEERING AND INTEGRATION, Defendant LINDA SNODEN was unwelcoming and abusive to PLAINTIFF and other female employees but favorable to males.

c) LINDA SNODEN frequently made inappropriate and derogatory sex/gender-based comments about Ms. Bath and other female employees. Specifically, Defendant LINDA SNODEN repeatedly referred to female employees in the workplace as "Bitch," and "Fucking cunt."

d) Around December 2017, when many of the female employees were away, Defendant LINDA SNODEN told PLAINTIFF and another employee, Carla, "There's not enough people here for a cat fight"

e) Defendant LINDA SNODEN often made multiple references to specific female employees. For example, in reference to another female employee, Kate McMurtry, Defendant LINDA SNODEN asked PLAINTIFF "Who knows how many people she slept with to get where she is?"

f) Defendant LINDA SNODEN routinely made inappropriate sex/gender-based comments about female employees in the workplace both to and in the presence of PLAINTIFF. On one specific instance, Defendant LINDA SNODEN told PLAINTIFF "I know what I'm getting Kelly for Christmas, a pillow so she can use it on the hangar floor" in reference

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1    to a female employee, Kelly Irving.

2    g) Further, Defendant LINDA SNODEN called a pregnant woman "Humpty dumpty" and

3    "Fucking cow" because of how she looked while pregnant.

4    h) Defendant SNODEN brushed off PLAINTIFF's complaints and continued to make

5    inappropriate sex/gender-based comments throughout PLAINTIFF's employment.

6    38.    Defendant EMPLOYERS, and its agents/employees in management and supervisory

7    positions, had a pattern and practice of harassing female employees, including Plaintiff, as described

8    hereinabove; further Defendant EMPLOYERS implemented policies and procedures that had a

9    disproportionate adverse impact on PLAINTIFF because of her sex/gender, female, wherein they

10   ratified and condoned the severe and pervasive sex/gender-based harassment perpetrated by

11   Defendant LINDA SNODEN.

12   39.    PLAINTIFF complained about Defendant LINDA SNODEN, as stated above, but

13   MILLENNIUM ENGINEERING AND INTEGRATION failed to provide PLAINTIFF a work

14   environment that was free from unlawful discrimination, harassment and retaliation, and failed to

15   take immediate appropriate action to stop the unlawful harassment that was occurring, all in

16   violation of FEHA.

17   40.    Plaintiff's sex/gender, female, and/or opposition to practices forbidden by FEHA, as

18   stated above, was a substantial motivating factor for the harassment of Plaintiff by Defendant.

19   41.    The aforementioned harassing conduct described hereinabove was unwelcome and

20   sufficiently severe and pervasive that it had the purpose and effect of altering the conditions of

21   Plaintiff's employment and created an intimidating, hostile, abusive and offensive working

22   environment for Plaintiff because of her sex/gender and related complaints, as stated above.

23   42.    The environment created by the aforementioned harassing conduct, described

24   hereinabove would have been perceived as intimidating, hostile, abusive, and offensive by a

25   reasonable person in the same positions as PLAINTIFF.

26   43.    The environment created by the aforementioned harassing conduct, described

27   hereinabove was perceived by PLAINTIFF as intimidating, hostile, abusive, and offensive.

28   44.    Plaintiff considered the work environment to be hostile or abusive toward Plaintiff

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

8

1   and females, and favorable to males.

2        45.    In doing the acts alleged herein, Defendants MILLENNIUM ENGINEERING AND

3   INTEGRATION, and DOES 1 through 100, and each of them, were substantially motivated by

4   PLAINTIFF's sex/gender (female).

5        46.    At all times relevant herein, Plaintiff believes and further alleges that Defendants

6   and/or their agents/representatives failed to timely, properly, and/or completely investigate the

7   harassment to which Plaintiff was routinely subjected, and instead ratified and condoned the

8   unlawful conduct.

9        47.    The acts and conduct of Defendants MILLENNIUM ENGINEERING AND

10  INTEGRATION, and DOES 1 through 100, and each of them, as aforesaid, were in violation of

11  Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants

12  concerning harassment against persons, such as Plaintiff, on the basis of sex/gender and the

13  prohibition of sex/gender harassment.  Such statutes were intended to prevent the type of injury and

14  damage herein set forth.

15       48.    By the acts and conduct described above, Defendants MILLENNIUM

16  ENGINEERING AND INTEGRATION, and DOES 1 through 100, and each of them, in violation

17  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

18  investigate, prevent or remedy the sex/gender harassment.

19       49.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each

20  named DEFENDANT with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has

21  received a Right-to-Sue notice in a California Superior Court pursuant to California Government

22  Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" is said Complaint and

23  Right-to-Sue notice and by reference hereto are made a part hereof. Plaintiff has therefore exhausted

24  her administrative remedies under the California Government Code.

25       50.    As a direct and legal result of the acts and omissions of Defendants MILLENNIUM

26  ENGINEERING AND INTEGRATION, and DOES 1 through 100, Plaintiff was rendered sick,

27  sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other

28  things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

9

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 14

51.     As a further legal result of the acts and omissions of Defendants MILLENNIUM ENGINEERING AND INTEGRATION, and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care during the period of Plaintiff's disability. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

52.     As a further direct and legal result of the acts and conduct of Defendants MILLENNIUM ENGINEERING AND INTEGRATION, and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

53.     The aforementioned acts of Defendants MILLENNIUM ENGINEERING AND INTEGRATION, and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendants MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

54.     By the aforesaid acts and conduct of Defendants MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

55.     As a result of the harassing acts of Defendants MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1  12965(b).

2      56.    The FEHA also provides remedies, including but not limited to, declaratory and

3  injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of

4  Defendants' unlawful conduct.

5      57.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

6                        **SECOND CAUSE OF ACTION**

7              **SEX/GENDER DISCRIMINATION IN VIOLATION OF FEHA**

8      **By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,**

9                      **VERTEX AEROSPACE LLC, & DOES 1-50**

10      58.    PLAINTIFF incorporates herein by reference and re-alleges each and every

11  paragraph in this Complaint as though duly set forth in full herein.

12      59.    Under the Fair Employment and Housing Act ("FEHA"), Government Code section

13  12900 et. seq., it is an unlawful employment practice for an employer because of a person's sex

14  and/or gender to refuse to hire or employ the person, to refuse to select the person for a training

15  program leading to employment, to bar or discharge the person from employment or from a training

16  program leading to employment, or to discriminate against the person in compensation or in terms,

17  conditions, or privileges of employment, to terminate or constructively discharge that person.  It is

18  unlawful under FEHA for any person to aid, abet, incite, compel, or coerce the doing of any of the

19  acts forbidden under FEHA, or to attempt to do so.  It is unlawful, under the Fair Employment and

20  Housing Act ("FEHA), Government Code section 12900 et seq., for an employer to fail to take all

21  reasonable steps necessary to prevent discrimination and harassment based on an employee's

22  sex/gender.

23      60.    Defendant MILLENIUM ENGINEERING AND INTEGRATION employed at least

24  five employees during all relevant time periods of Plaintiff's employment.

25      61.    At all times mentioned in this complaint, PLAINTIFF was an employee of

26  MILLENNIUM ENGINEERING AND INTEGRATION.

27      62.    Throughout Plaintiff's employment, occurring continuously through at least March

28  27, 2020, and continuing thereafter, Plaintiff was treated differently in the terms and conditions of

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1   her employment due to and based upon her sex/gender.

2       63.   At all times relevant herein, Plaintiff's sex/gender (female) made her a member of a

3   protected class pursuant to the Fair Employment & Housing Act ("FEHA").

4       64.   At all times relevant herein, Plaintiff was qualified for and competently performed

5   the position she held throughout her employment with Defendant EMPLOYERS.

6       65.   MILLENNIUM ENGINEERING AND INTEGRATION knew, perceived, and/or

7   believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

8       66.   At all times mentioned in this complaint, PLAINTIFF performed work for

9   MILLENNIUM ENGINEERING AND INTEGRATION competently and in a satisfactory manner.

10      67.   MILLENNIUM ENGINEERING AND INTEGRATION discriminated against and

11  retaliated against PLAINTIFF because of PLAINTIFF'S protected status, as stated above, in

12  violation of FEHA.

13      68.   DEFENDANTS made decisions adverse to PLAINTIFF as stated above.

14      69.   As a direct, legal and proximate cause of PLAINTIFF'S protected status, as stated

15  above, MILLENNIUM ENGINEERING AND INTEGRATION retaliated and harassed

16  PLAINTIFF in violation of FEHA and took adverse employment actions against PLAINTIFF set

17  forth below.

18      70.   Defendants made decisions adverse to Plaintiff in regards to compensation and terms,

19  conditions and privileges of employment.  Defendant EMPLOYERS engaged in the adverse actions

20  of, including but not limited to, continuing to harass Plaintiff, subjecting Plaintiff to a hostile work

21  environment, demoting Plaintiff, terminating Plaintiff, denying Plaintiff promotions, preventing

22  Plaintiff from seeking medical services, denying Plaintiff a good faith interactive process, failing to

23  prevent   discrimination/harassment/   retaliation   from   occurring,   failing   to   stop

24  discrimination/harassment/retaliation from occurring and/or continuing, discriminating against

25  Plaintiff in the terms, conditions and privileges of his employment, subjecting Plaintiff to emotional

26  distress, failing to reinstate Plaintiff, failing to re-hire Plaintiff, failing to re-employ Plaintiff, as well

27  as other adverse actions.

28      71.   As a direct, legal and proximate cause of PLAINTIFF'S protected status, as stated

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 17

1  above, MILLENNIUM ENGINEERING AND INTEGRATION made decisions adverse to
2  PLAINTIFF in regards to compensation and terms, conditions and privileges of employment.

3      72.    PLAINTIFF considered the work environment to be hostile or abusive toward
4  Plaintiff and female individuals, and favorable to males.

5      73.    At all times relevant herein, Plaintiff believes and further alleges that DEFENDANT
6  EMPLOYERS and/or its agents/representatives failed to timely, properly, and/or completely
7  investigate the discrimination to which Plaintiff was routinely subjected, and instead ratified and
8  condoned the unlawful conduct.

9      74.    PLAINTIFF'S sex/gender, as stated above, was a substantial motivating factor in
10  MILLENNIUM ENGINEERING AND INTEGRATION'S aforementioned decisions that were
11  adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of
12  employment.  PLAINTIFF'S protected status, as stated above, was a substantial motivating factor
13  in adverse actions MILLENNIUM ENGINEERING AND INTEGRATION took against
14  PLAINTIFF as set forth above.

15      75.    Defendants made decisions adverse to Plaintiff in regard to compensation and terms,
16  conditions and privileges of employment.  Defendant EMPLOYERS engaged in the adverse actions
17  of, including but not limited to, continuing to harass Plaintiff, subjecting Plaintiff to a hostile work
18  environment, demoting Plaintiff, terminating Plaintiff, denying Plaintiff promotions, failing to
19  prevent    discrimination/harassment/retaliation    from    occurring,    failing    to    stop
20  discrimination/harassment/retaliation from occurring and/or continuing, discriminating against
21  Plaintiff in the terms, conditions and privileges of her employment, subjecting Plaintiff to emotional
22  distress, failing to reinstate Plaintiff, failing to re-hire Plaintiff, failing to re-employ Plaintiff, as well
23  as other adverse actions.

24      76.    The acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION
25  and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government
26  Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning harassment
27  against persons, such as Plaintiff, on the basis of sex/gender and the prohibition of sex/gender
28  harassment.  Such statutes were intended to prevent the type of injury and damage herein set forth.

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

77.     By the acts and conduct described above, MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender harassment.

78.     Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named DEFENDANT with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received a Right-to-Sue notice in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" is said Complaint and Right-to-Sue notice and by reference hereto are made a part hereof. Plaintiff has therefore exhausted his administrative remedies under the California Government Code.

79.     As a direct and legal result of the acts and omissions of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

80.     As a further legal result of the acts and omissions of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

81.     As a further direct and legal result of the acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

82.     The aforementioned acts of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, and each of them, were willful, wanton, malicious,

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

14
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 19

intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

83.     By the aforesaid acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

84.     As a result of the discriminatory acts of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

85.     The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

86.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

### HOSTILE WORK ENVIROMENT HARASSMENT IN VIOLATION OF FEHA

### By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,

### VERTEX AEROSPACE LLC, LINDA SNODEN & DOES 1-100

87.     PLAINTIFF realleges and incorporates each and every paragraph in this Complaint as though duly set forth in full herein.

88.     Under the Fair Employment and Housing Act ("FEHA"), Government Code section

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

15

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 20

1  12940 et. seq., it is an unlawful employment practice to harass an employee because of an
2  employee's sex or gender.

3      89.    It is unlawful, under the Fair Employment and Housing Act ("FEHA), Government
4  Code section 12900 et seq., for an employer to fail to take all reasonable steps necessary to prevent
5  discrimination, harassment and retaliation in violation of FEHA.  It is unlawful, under the Fair
6  Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., for an employer
7  to fail to take immediate and appropriate corrective action to end unlawful harassment.

8      90.    Under the Fair Employment and Housing Act ("FEHA"), Government Code section
9  12900 et seq. it is an unlawful employment practice for any person to retaliate against an employee
10  who opposes practices forbidden by FEHA, who asserts rights under FEHA and/or who reports
11  sex/gender harassment.

12      91.    Under FEHA it is unlawful to create a hostile work environment and subject
13  employees to offensive, discriminatory and harassing conduct because an employee has a protected
14  status, as stated above, including based on sex and/or gender, opposing practices forbidden by
15  FEHA and/or because the employee complained about FEHA violations, as stated above.

16      92.    PLAINTIFFS' protected status under FEHA was PLAINTIFFS' sex and/or gender,
17  opposing practices forbidden by FEHA and/or because PLAINTIFF complained about FEHA
18  violations, as stated above.

19      93.    DEFENDANTS knew, perceived, and/or believed that PLAINTIFF had the
20  aforementioned protected status, described hereinabove.

21      94.    As a direct, legal, and proximate result of PLAINTIFF'S protected status(es), as
22  stated above, DEFENDANTS harassed, retaliated against, and discriminated against PLAINTIFF
23  creating a hostile work environment in violation of FEHA.

24      95.    PLAINTIFF, as well as other females, were regularly and repeatedly threatened,
25  intimidated and abused because of their sex/gender and other protected statuses, as stated above.

26      96.    This included, but is not limited to, during PLAINTIFF employment,
27  DEFENDANTS engaged in sex/gender harassment towards PLAINTIFF, as well as other female
28  employees, which PLAINTIFF either witnessed or were informed about.

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

97.     PLAINTIFF complained to Defendants about the discrimination, harassment and retaliation, as set forth above.

98.     DEFENDANTS refused to stop from harassing, discriminating, or retaliating against PLAINTIFF when PLAINTIFF complained to DEFENDANTS.

99.     As a direct, legal, and proximate cause of PLAINTIFF'S protected status(es) as stated above, DEFENDANTS subjected PLAINTIFF to a pattern of objectionable and offensive conduct that altered the conditions of employment and created a hostile work environment for Plaintiff.

100.    DEFENDANTS' workplace was permeated with discriminatory intimidation, ridicule, and insults toward PLAINTIFF because of her protected status(es) as stated above, which were sufficiently severe or pervasive to alter the conditions of the PLAINTIFF'S employment and create an abusive working environment because of PLAINTIFF'S protected status(es) as stated above.

**FOURTH CAUSE OF ACTION**

**California Government Code §§ 12940 et seq.**

**SEX/GENDER RETALIATION IN VIOLATION OF FEHA**

**By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,**

**VERTEX AEROSPACE LLC, & DOES 1-50**

101.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

102.    Defendant EMPLOYERS employed at least five employees during all relevant time periods of Plaintiff's employment.

103.    Plaintiff was, at all times material hereto, a disabled employee (and one who engaged in legally protected activities) and within a protected class covered by Cal. Gov. Code § 12940, prohibiting sex/gender-based retaliation in employment.

104.    Defendant EMPLOYERS retaliated against Plaintiff as a result of Plaintiff asserting her legal rights and/or complaining about and/or protesting against the sex/gender/ harassment and discrimination to which she was subjected.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

105.    Beginning during Plaintiff's employment with Defendant EMPLOYERS, and continuing through the time of PLAINTIFF's wrongful termination on or about March 27, 2020, and continuing thereafter, Plaintiff engaged in legally protected activity by complaining about and/or protesting against the disparate working terms and conditions and hostile work environment to which Plaintiff was subjected based on her sex/gender. Plaintiff asserted her legal rights and/or complained on the following occasions, among others:

      a.   PLAINTIFF routinely complained directly to EMPLOYERS and their relevant supervisors regarding the harassing and discriminatory conduct in which they were partaking and protested to cease the harassment and discrimination.

      b.   PLAINTIFF engaged in legally protected activity by notifying EMPLOYERS and their relevant supervisors of the harassing and discriminatory conduct in which they were partaking on several occasions.

106.    However, Defendant EMPLOYERS and DOES 1 through 100, and each of them, retaliated against PLAINTIFF, due to and substantially motivated by PLAINTIFF's sex/gender and/or due to PLAINTIFF engaging in the aforesaid legally protected activities (complaints/protests), through the following actions, among others: PLAINTIFF was treated differently, disparately, and negatively because of her sex/gender including Defendants harassing her (as aforesaid), wrongfully terminating PLAINTIFF, and refusing to return PLAINTIFF back to her former position or offer Plaintiff employment in any capacity, and failing to rehire PLAINTIFF.

107.    In doing the acts alleged herein, Defendant EMPLOYERS and DOES 1 through 100, and each of them, were substantially motivated by PLAINTIFF's sex/gender and/or aforesaid legally protected activities (complaints/protests).

108.    At all times relevant herein, PLAINTIFF believes and further alleges that Defendant EMPLOYERS and/or its agents/representatives failed to timely, properly, and/or completely investigate the retaliation PLAINTIFF was routinely subjected to, and instead ratified and condoned the unlawful conduct.

109.    The acts and conduct of DEFENDANTS and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

certain duties upon DEFENDANTS, and each of them, concerning retaliation against persons, such as PLAINTIFF, on the basis of sex/gender and the prohibition of sex/gender retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.

110.    By the acts and conduct described above, DEFENDANTS and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender/ancestry retaliation. When PLAINTIFF was retaliated against, PLAINTIFF's sex/gender and/or complaints about the unlawful conduct were substantial motivating reasons and/or factors in DEFENDANT EMPLOYERS's conduct.

111.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named DEFENDANT with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" is said Complaint and Right-to-Sue notice and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

112.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 75, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

113.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 75, Plaintiff has been forced and/or will be forced to incur expenses for medical care during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

114.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 75, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to

2  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

3       115.   The aforementioned acts of Defendants and DOES 1 through 100, and each of them,

4  were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful

5  and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial

6  agents and employees of DEFENDANT EMPLOYERS and DOES 1 through 75, and with the

7  express knowledge, consent, and/or ratification of managerial agents and employees of

8  DEFENDANT EMPLOYERS and DOES 1 through 75, thereby justifying the awarding of punitive

9  and exemplary damages in an amount to be determined at the time of trial pursuant to California

10 Civil Code § 3294(a) and (b).

11      116.   By the aforesaid acts and conduct of Defendants and DOES 1 through 75, Plaintiff

12 has been directly and legally caused to suffer actual damages pursuant to California Civil Code §

13 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related

14 expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary

15 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

16 ascertained.

17      117.   As a result of the harassing acts of Defendants and DOES 1 through 25, as alleged

18 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided

19 in California Government Code § 12965(b).

20      118.   The FEHA also provides remedies, including but not limited to, declaratory and

21 injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of

22 Defendants' unlawful conduct.

23      119.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

24                    **FIFTH CAUSE OF ACTION**

25 **FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION**

26                    **IN VIOLATION OF FEHA**

27 **By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,**

28           **VERTEX AEROSPACE LLC, & DOES 1-50**

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

20

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 25

120.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

121.    Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et. seq., it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.  It is unlawful, under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

122.    It is unlawful, under the Fair Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., for an employer to fail to take immediate and appropriate corrective action to end unlawful harassment.

123.    It is unlawful, under the Fair Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., for an employer to fail to investigate a complaint by an employee regarding FEHA violations as stated above.

124.    MILLENNIUM ENGINEERING AND INTEGRATION failed to train its managers, supervisors, and/or human resource employees of MILLENNIUM ENGINEERING AND INTEGRATION's duties and responsibilities under FEHA as stated above.

125.    MILLENNIUM ENGINEERING AND INTEGRATION failed to comply with its duties and responsibilities pursuant to FEHA and related regulations as stated above.

126.    MILLENNIUM ENGINEERING AND INTEGRATION knew and/or should have known of the aforementioned unlawful harassing, retaliatory, and/or discriminatory conduct, described hereinabove, all in violation of FEHA.

127.    MILLENNIUM ENGINEERING AND INTEGRATION failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring to plaintiff, all in violation of FEHA.

128.    MILLENNIUM ENGINEERING AND INTEGRATION failed to take immediate appropriate corrective action to end unlawful harassment to plaintiff, all in violation of FEHA.

129.    MILLENNIUM ENGINEERING AND INTEGRATION failed to investigate FEHA violations when it knew or should have known they were occurring, and/or when plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1   complained as stated above, all in violation of FEHA.

2       130.   As a direct, foreseeable, and proximate result of MILLENNIUM ENGINEERING

3   AND INTEGRATION's conduct, as alleged above, PLAINTIFF has suffered lost income,

4   employment, and career opportunities, medical expenses and has suffered and continues to suffer

5   other economic loss, the precise amount of which will be proven at trial.

6       131.   As a direct, foreseeable and proximate result of MILLENNIUM ENGINEERING

7   AND INTEGRATION's conduct, as alleged above, PLAINTIFF has suffered and continues to

8   suffer pain and suffering, great anxiety, embarrassment, anger, loss of enjoyment of life, pain and

9   suffering, and severe emotional distress, the precise amount of which will be proven at trial.

10      132.   As a direct, foreseeable and proximate result of MILLENNIUM ENGINEERING

11  AND INTEGRATION's conduct, as alleged above, PLAINTIFF has been damaged because she

12  will not have records and evidence that MILLENNIUM ENGINEERING AND INTEGRATION

13  had a duty to maintain, and/or had a duty to create, which would have supported PLAINTIFF's

14  claims as stated above, and would have been evidence at the trial in this matter.

15      133.   Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each

16  named DEFENDANT with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has

17  received Right-to-Sue notices in a California Superior Court pursuant to California Government

18  Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" is said Complaint and

19  Right-to-Sue notice and by reference hereto are made a part hereof. Plaintiff has therefore exhausted

20  her administrative remedies under the California Government Code.

21      134.   As a direct and legal result of the acts and omissions of Defendants and DOES 1

22  through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and

23  externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock,

24  pain, discomfort and/or anxiety.

25      135.   As a further legal result of the acts and omissions of Defendants and DOES 1 through

26  100, Plaintiff has been forced and/or will be forced to incur expenses for medical care during the

27  period of Plaintiff's disability. Plaintiff will pray leave of court to show the exact amount of said

28  expenses at the time of trial.

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

22
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 27

136.   As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

137.   The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of DEFENDANT EMPLOYERS and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of DEFENDANT EMPLOYERS and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

138.   By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

139.   As a result of the harassing acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

140.   The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

141.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

/ / /

/ / /

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

23
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 28

1   / / /

2   **SIXTH CAUSE OF ACTION**

3   **NEGLIGENT HIRING AND RETENTION**

4   **By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,**

5   **VERTEX AEROSPACE LLC, & DOES 1-50**

6   142.   PLAINTIFF incorporates herein by reference and re-alleges each and every

7   paragraph in this Complaint as though duly set forth in full herein.

8   143.   An employer can be held liable under common law for the negligent hiring and

9   retention of an employee.

10   144.   Under common law, an employer is liable for negligent hiring and/or retention of an

11   employee based upon the employer's actual or constructive knowledge that hiring and/or retaining

12   an employee created a particular risk or hazard and that particular harm actually materialized.

13   145.   At all times mentioned in this complaint, MILLENNIUM ENGINEERING AND

14   INTEGRATION negligently and carelessly trained and retained its employees including, but not

15   limited to, LINDA SNODEN, and DOES 1-50.  Defendant EMPLOYERS breached their duty to

16   exercise reasonable care and acted negligently and carelessly in the training and retention by failing

17   to give them proper training on sex/gender harassment and discrimination as required by the Fair

18   Housing and Employment Act.

19   146.   The particular harm that DEFENDANT EMPLOYERS had actual or constructive

20   knowledge about occurred as DEFENDANT SNODEN, and DOES 1-75, and other

21   managers/supervisors engaged in included harassment and discrimination as well as retaliation in

22   violation of the FEHA, against PLAINTIFF, and other employees as well, as DEFENDANT

23   EMPLOYERS allowed other employees to engage in similar behavior as well as violations of the

24   California Labor Code toward PLAINTIFF and others.

25   147.   The particular harm that DEFENDANT had actual or constructive knowledge about

26   occurred as Plaintiff and other female employees were denied a workplace free from discrimination,

27   harassment, retaliation, and violations of the California Labor Code, committed by DEFENDANT

28   SNODEN and DOES 1-50, and others manager/supervisors of MILLENNIUM ENGINEERING

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

1  AND INTEGRATION. This discriminatory, harassing, and retaliatory conduct occurred on a
2  regular, open, and notorious basis such that MILLENNIUM ENGINEERING AND
3  INTEGRATION Defendants were aware of its routine occurrence.

4         148.    Notwithstanding DEFENDANT EMPLOYERS's actual or constructive notice of
5  SNODEN and DOES 1-50, and other managers'/supervisors' propensity to discriminate, harass,
6  retaliate and violate public policy, and their actual discrimination, harassment, retaliation and
7  violation of public policy to employees, DEFENDANT EMPLOYERS did nothing to prevent the
8  discrimination and retaliation from occurring as well as the violations of the Labor Code.

9         149.    Notwithstanding DEFENDANT EMPLOYERS's actual or constructive notice that
10  Defendant SNODEN and DOES 1-50, and other managers/supervisors were denying PLAINTIFF
11  and other employees a work place free from discrimination, harassment and retaliation,
12  DEFENDANT EMPLOYERS did nothing to prevent the violations from occurring as well as did
13  nothing to prevent the violations of the Labor Code.

14         150.    Defendant EMPLOYERS failed to take prompt and appropriate remedial steps to
15  correct the ongoing harassment, discrimination and retaliation and the violations of the Labor Code.

16         151.    Defendant EMPLOYERS owed PLAINTIFF, as well as other employees, a duty of
17  care to properly supervise, discipline, terminate, not hire, not retain, demote its management and
18  personnel including, without limitation a work place free from harassment, discrimination, and
19  retaliation, as well as violations of the Labor Code, committed by Defendant SNODEN, and DOES
20  1-50, and other managers/supervisors.

21         152.    Defendant EMPLOYERS breached the duty of care by negligently hiring and/or
22  retaining Defendant SNODEN and DOES 1-50, and other managers/supervisors that harassed,
23  discriminated, and retaliated against PLAINTIFF, and violated FEHA, labor codes, and public
24  policy, resulting in personal injury and emotional distress suffered by PLAINTIFF as a proximate
25  result thereof.

26         153.    At all times material herein, MILLENNIUM ENGINEERING AND
27  INTEGRATION knew or reasonably should have known, that unless MILLENNIUM
28  ENGINEERING AND INTEGRATION intervened to protect PLAINTIFF, as well as other

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

25
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 30

1  employees, and to adequately supervise, prohibit, control, regulate, discipline and/or otherwise

2  penalize the conduct of Defendant SNODEN and DOES 1-50, and other managers/supervisors, for

3  violations of FEHA, the labor code, and public policy, as alleged herein, said harassment,

4  discrimination and retaliation would continue, thereby subjecting PLAINTIFF, as well as other

5  employees, to personal injury and emotional distress.

6  154.   At all times material herein, Defendant EMPLOYERS knew or reasonably should

7  have known, that unless Defendant EMPLOYERS intervened to protect Plaintiff as well as other

8  employees, and to adequately supervise, prohibit, control, regulate, discipline and/or otherwise

9  penalize the conduct of Defendant SNODEN and DOES 1-50, and other managers/supervisors, who

10  violated FEHA, the labor code, and public policy, as alleged herein, Defendant EMPLOYERS's

11  failure to so protect, supervise, prohibit, control, regulate, discipline, terminate and/or otherwise

12  penalize Defendant SNODEN and DOES 1-50, and other managers/supervisors, that committed the

13  violations would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and

14  worsening said discrimination, harassment and retaliation.

15  155.   At all times material herein, Defendant EMPLOYERS had the power, ability,

16  authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, terminate and/or

17  otherwise penalize the conduct of Defendant EMPLOYERS and other managers/supervisors that

18  committed the violations.

19  156.   As a direct, foreseeable, and proximate result of Defendant EMPLOYERS's and

20  Defendant SNODEN and DOES 1-50, and other managers'/supervisors' conduct, as alleged above,

21  PLAINTIFF has suffered lost income, employment, medical expenses, and career opportunities, and

22  has suffered and continues to suffer other economic loss, the precise amount of which will be proven

23  at trial.

24  157.   As a direct, foreseeable and proximate result of Defendant EMPLOYERS and its

25  relevant managers/supervisors' conduct, PLAINTIFF has suffered and continues to suffer great

26  anxiety, embarrassment, anger, loss of enjoyment of life, pain and suffering, and severe emotional

27  distress, the precise amount of which will be proven at trial.

28  158.   The conduct which PLAINTIFF complains of in this complaint, and which is alleged

BJB LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

26
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 31

above, was carried out by the Defendant EMPLOYERS, the managers/supervisors, and Defendant SNODEN and DOES 1-50, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof.  The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYERS, of the unfitness of the Defendant EMPLOYERS employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety or others. The aforementioned conducted on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYERS.

159.    PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees.  Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

160.    PLAINTIFF is informed and believe and, on that basis, allege, that Defendant EMPLOYERS has engaged, continues to engage, and will continue to engage in the foregoing conduct set forth in this complaint unless it/he is restrained from so doing.   Defendant EMPLOYERS's conduct has injured PLAINTIFF as well as others and will continue to cause irreparable injury to PLAINTIFF and others, who have no adequate remedy at law.  Relief by damages alone for DEFENDANTS' continuing conduct would require a multiplicity of suits. Accordingly, PLAINTIFF is also entitled to injunctive relief.

161.    PLAINTIFF seeks declaratory relief that PLAINTIFF's rights under FEHA were violated, that DEFENDANTS violated FEHA, that training and education needs to occur at Defendant EMPLOYERS to get Defendant EMPLOYERS to comply with FEHA, the labor code, and other forms of declaratory relief.

162.    PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies, as stated above, they are entitled to under the law pursuant to the claims alleged in this complaint.

/ / /

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

27
PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 32

1 | / / /

2 | **SEVENTH CAUSE OF ACTION**

3 | **INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS**

4 | **By Plaintiff Against Defendants MILLENNIUM ENGINEERING INTEGRATION CO.,**

5 | **VERTEX AEROSPACE LLC, LINDA SNODEN & DOES 1-100**

163.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

164.    The aforesaid conduct of Defendants, and each of them, was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society, and intended to cause and actually did cause Plaintiff to suffer severe emotional distress.

165.    Plaintiff did not consent to Defendants' conduct, as herein alleged, and said conduct was unprivileged.  Defendants' conduct caused Plaintiff to suffer severe emotional distress.

166.    Defendants' conduct continues to cause Plaintiff to suffer severe emotional distress.

167.    Further, at all times relevant herein, individual Defendants were agents/employees of Defendant EMPLOYERS, and in doing the acts alleged herein, were acting within the course and scope of their employment with Defendant EMPLOYERS.

168.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

169.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care during the period of Plaintiff's disability. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

170.    As a further direct and legal result of the acts of Defendants and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

Plaintiff, who will pray leave of court to assert the same when they are ascertained.

171.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

172.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

173.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from intentionally inflicting emotional distress on others (employees/coworkers), thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

174.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## EIGHTH CAUSE OF ACTION

**FOR WHISTLEBLOWER VIOLATIONS UNDER CALIFORNIA LABOR CODE § 1102.5**

**By Plaintiff Against Defendant MILLENNIUM ENGINEERING INTEGRATION CO.,**

**& DOES 1-25**

175.    PLAINTIFF incorporates herein by reference each and every paragraph in this

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

Complaint as though duly set forth in full herein.

176. Defendant EMPLOYERS retaliated against PLAINTIFF for blowing the whistle/complaining about/protesting against its unlawful activities, including but not limited to sex/gender/ harassment, discrimination, and retaliation, and wage and hour violations, where PLAINTIFF had reasonable cause to believe PLAINTIFF's employer was violating the law.

177. It is a violation of the California whistleblower statute, Cal. Labor Code § 1102.5, and public policy to unlawfully retaliate/punish/discharge or deny opportunities to an employee for refusing to violate the law and/or for protesting unlawful activities to a government agency or his/her employer.

178. PLAINTIFF was a whistleblower pursuant to Cal. Labor Code § 1102.5, as PLAINTIFF engaged in the following protected activities, among others:

a) PLAINTIFF routinely complained directly to Defendants and MILLENNIUM ENGINEERING AND INTEGRATION management regarding the harassing and discriminatory conduct in which they were partaking and protested to cease the harassment and discrimination.

b) PLAINTIFF engaged in legally protected activity by notifying MILLENNIUM ENGINEERING AND INTEGRATION of the harassing and discriminatory conduct in which they were partaking on several occasions.

c) PLAINTIFF reported Defendant SNODEN's unlawful activities for logging information incorrectly.

179. However, as a direct result of PLAINTIFF engaging in legally protected activity and complaining about and protesting against the aforesaid violations of law (or PLAINTIFF's reasonable belief that laws were being violated), DEFENDANTS retaliated against PLAINTIFF through the following, among others:

a) PLAINTIFF was treated more harshly than male employees. PLAINTIFF was denied training opportunities, overly scrutinized, and subjected to harsh reprimand compared to male employees.

b) LINDA SNODEN frequently made inappropriate and derogatory sex/gender-based

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

comments about Ms. Bath and other female employees. Specifically, Defendant LINDA SNODEN repeatedly referred to female employees in the workplace as "Bitch," and "Fucking cunt."

c)   Since PLAINTIFF's first week at MILLENNIUM ENGINEERING AND INTEGRATION, Defendant LINDA SNODEN was unwelcoming and abusive to PLAINTIFF and other female employees but favorable to males.

d)   Defendant LINDA SNODEN repeatedly referred to female employees in the workplace as "Bitch," and "Fucking cunt."

e)   Around December 2017, when many of the female employees were away, Defendant LINDA SNODEN told PLAINTIFF and another employee, Carla, "There's not enough people here for a cat fight"

f)   Defendant LINDA SNODEN often made multiple references to specific female employees. For example, in reference to another female employee, Kate McMurtry, Defendant LINDA SNODEN asked PLAINTIFF "Who knows how many people she slept with to get where she is?"

g)   Defendant LINDA SNODEN routinely made inappropriate sex/gender-based comments about female employees in the workplace both to and in the presence of PLAINTIFF. On one specific instance, Defendant LINDA SNODEN told PLAINTIFF "I know what I'm getting Kelly for Christmas, a pillow so she can use it on the hangar floor" in reference to a female employee, Kelly Irving.

h)   Further, Defendant LINDA SNODEN called a pregnant woman "Humpty dumpty" and "Fucking cow" because of how she looked while pregnant.

i)   PLAINTIFF complained about and protested this conduct on multiple occasions to her supervisor, Angel Guilloty, only to be told "you guys need to get along." Defendant SNODEN brushed off PLAINTIFF's complaints and continued to make inappropriate sex/gender-based comments throughout PLAINTIFF's employment.

j)   As the harassing and discriminatory conduct was unrelenting, PLAINTIFF complained about these comments and treatment to Defendant EMPLOYERS's Human Resources.

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

However, Defendant's Human Resources failed to investigate the harassment to which PLAINTIFF and other female employees were routinely subjected to. Furthermore, Defendant LINDA SNODEN was never reprimanded in any way, and PLAINTIFF was never questioned or interviewed regarding her complaints of harassment and discrimination. Further, PLAINTIFF was not informed of the result of any investigation either. Said sex/gender harassing conduct and gender/sex discrimination occurred on a continuous and frequent basis.

k) Furthermore, PLAINTIFF reported Defendant LINDA SNODEN's unlawful activities for logging information incorrectly. According to Defendant EMPLOYERS's policy, planes were not allowed to fly with a "critical issue," but one plane in particular had been flying for over ten years with a "critical one hazard", which PLAINTIFF reported. Within hours of making the report, PLAINTIFF was terminated effective March 27, 2020.

l) In direct response to PLAINTIFF'S reports of violations of public policies, reports and complaints of labor violations as well as other reports, DEFENDANTS retaliated against PLAINTIFF, including, but not limited to terminating PLAINTIFF, retaliating against PLAINTIFF in the terms, conditions and privileges of her employment, subjecting PLAINTIFF to emotional distress, failing to reinstate PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, as well as other adverse actions.

180.    Accordingly, Defendant EMPLOYERS had and maintained a policy and/or practice which prevented/prevents PLAINTIFF and other employees from complaining about and/or protesting against his/her employer's violation(s) of law to a government agency, or reasonable belief that a law(s) is being violated.

181.    California Labor Code § 1102.5 declares:

(a)    An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b)     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c)     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

182.    Defendant EMPLOYERS violated Cal. Labor Code § 1102.5(a) as it made, adopted, and enforced rules, regulation and policies preventing PLAINTIFF from disclosing information to government and law enforcement agencies or a person with authority over PLAINTIFF and/or authority to investigate, discover, investigate, or correct the violation, where PLAINTIFF had reasonable cause to believe PLAINTIFF's employer was violating the law.

183.    Defendant EMPLOYERS violated Cal. Labor Code § 1102.5(b) as it retaliated against PLAINTIFF for protesting DEFENDANTS' unlawful actions, and/or because Defendant EMPLOYERS felt PLAINTIFF may protest, to a government or law enforcement agency or to a person with authority over the employee and/or authority to investigate, discover, investigate, or correct the violation.

184.    PLAINTIFF was retaliated against through the aforesaid acts by Defendant EMPLOYERS, at least in part, because of PLAINTIFF's refusal to participate in an activity that would result in a violation of state or federal statutes (or PLAINTIFF reasonably believed to be in violation). Defendant EMPLOYERS was thus in violation of Cal. Labor Code § 1102.5(c).

185.    When PLAINTIFF was subjected to the adverse employment actions identified

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   above, Defendant EMPLOYERS, and DOES 1 through 50, and each of them, were substantially

2   motivated by PLAINTIFF's complaints of violations of state and/or federal law (or PLAINTIFF's

3   reasonable belief that a law(s) was being violated), and said complaints were substantial motivating

4   factors and/or reasons in the decision to subject Plaintiff to the aforesaid retaliatory, adverse

5   employment actions, in violation of California Labor Code § 1102.5.

6       186.   As a direct and legal result of the acts and omissions of MILLENNIUM

7   ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff was rendered sick, sore,

8   lame, disabled and/or disordered, both internally and externally, and/or suffered, among other

9   things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

10      187.   As a further legal result of the acts and omissions of MILLENNIUM

11  ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been forced and/or

12  will be forced to incur expenses for medical care during the period of Plaintiff's disability. Plaintiff

13  will pray leave of court to show the exact amount of said expenses at the time of trial.

14      188.   As a further direct and legal result of the acts and conduct of MILLENNIUM

15  ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been caused, and did

16  suffer, and continues to suffer severe and permanent emotional and mental distress and anguish,

17  humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and

18  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

19  same when they are ascertained.

20      189.   The   aforementioned   acts   of   MILLENNIUM   ENGINEERING   AND

21  INTEGRATION and DOES 1 through 50, and each of them, were willful, wanton, malicious,

22  intentional, oppressive and/or despicable and were done in willful and conscious disregard of the

23  rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

24  MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1-50, and with the express

25  knowledge, consent, and/or ratification of managerial agents and employees of MILLENNIUM

26  ENGINEERING AND INTEGRATION and DOES 1 through 50, thereby justifying the awarding

27  of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to

28  California Civil Code § 3294(a) and (b).

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

190.   By the aforesaid acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

191.   As a result of the harassing acts of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

192.   The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

193.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## NINTH CAUSE OF ACTION

### RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**By Plaintiff Against Defendant MILLENNIUM ENGINEERING AND INTEGRATION CO., & DOES 1-25, Only**

194.   PLAINTIFF incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

195.   PLAINTIFF was retaliated and wrongfully terminated from PLAINTIFF's employment on or about March 27, 2020 due to PLAINTIFF's sex/gender, whistleblowing, and/or her aforesaid legally protected activities (i.e. blowing the whistle, complaints/protests against unlawful conduct), as aforesaid.

196.   As such, PLAINTIFF was retaliated and discharged from PLAINTIFF's employment for reasons that violate a public policy(s).

197.   At all times relevant herein, PLAINTIFF was employed by Defendant

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

BJB LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

1    EMPLOYERS.

2    198.    As alleged herein, Defendant MILLENIUM discharged PLAINTIFF from

3    PLAINTIFF's employment.

4    199.    PLAINTIFF's wrongful discharge caused and continues to cause PLAINTIFF harm.

5    200.    At all times herein mentioned, the public policy of the State of California, as codified,

6    expressed and mandated by California Government Code §§ 12920 and 12940 et seq., was to

7    prohibit employers from harassing, discriminating, and retaliating against and/or wrongfully

8    terminating any individual on the grounds of their actual/perceived sex/gender/ancestry, or

9    association with individuals of a certain protected classes. This public policy of the State of

10   California is designed to protect all employees and to promote the welfare and well-being of the

11   community at large. The policy inures to the benefit of the public and is fundamental and substantial.

12   201.    At all times herein mentioned, the public policy of the State of California, as codified,

13   expressed and mandated by California Labor Code § 1102.5 prohibited discrimination and/or

14   retaliation against employees blowing the whistle about their employers' unlawful activities. This

15   public policy of the State of California is designed to protect all employees and to promote the

16   welfare and well-being of the community at large.

17   202.    At all times herein mentioned, the public policy of the State of California, as codified,

18   expressed and mandated by California Civil Code § 1750 prohibited unfair or deceptive business

19   practices and/or retaliation against employees blowing the whistle regarding violations of the

20   aforesaid. This public policy of the State of California is designed to protect all employees and to

21   promote the welfare and well-being of the community at large.

22   203.    At all times herein mentioned, the public policy of the State of California was to

23   prohibit the intentional infliction of emotional distress to another or opposing said unlawful

24   practices. This public policy of the State of California is designed to protect all employees and to

25   promote the welfare and well-being of the community at large.

26   204.    Accordingly, the actions of Defendant MILLENNIUM ENGINEERING AND

27   INTEGRATION and DOES 1 through 50, in retaliating and wrongfully terminating PLAINTIFF on

28   the grounds alleged and described herein were wrongful and do not promote the welfare and well-

B | B LAW GROUP LLP
6100 CENTER DRIVE, SUITE
1100
LOS ANGELES, CA 90045
(323) 925-7800

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

being of the community at large.

205. As a direct and legal result of the acts and omissions of the MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

206. As a further legal result of the acts and omissions of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been forced and/or will be forced to incur expenses for medical care during the period of Plaintiff's disability. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

207. As a further direct and legal result of the acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

208. The aforementioned acts of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, and with the express knowledge, consent, and/or ratification of managerial agents and employees of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

209. By the aforesaid acts and conduct of MILLENNIUM ENGINEERING AND INTEGRATION and DOES 1 through 50, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both

BJB LAW GROUP LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which

2  Plaintiff will seek leave of court to amend when ascertained.

3       210.    As a result of the harassing acts of MILLENNIUM ENGINEERING AND

4  INTEGRATION and DOES 1 through 50, as alleged herein, Plaintiff is entitled to reasonable

5  attorneys' fees and costs of said suit as specifically provided in California <u>Government Code</u> §

6  12965(b).

7       211.    The FEHA also provides remedies, including but not limited to, declaratory and

8  injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of

9  Defendants' unlawful conduct.

10       212.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

11  **<u>PRAYER FOR RELIEF</u>**

12       Plaintiffs prays for judgment against all defendants on all causes of action as follows:

13  1.  For general damages in an amount within the jurisdictional limits of this Court;

14  2.  For special damages in an amount within the jurisdictional limits of this Court;

15  3.  For medical expenses and related items of expense, according to proof;

16  4.  For loss of earnings, according to proof;

17  5.  For consequential and incidental damages according to proof;

18  6.  For prejudgment interest according to proof;

19  7.  For declaratory relief;

20  8.  For injunctive relief;

21  9.  For damages, penalties and attorneys' fees and costs of suit as provided for by Cal. <u>Gov.</u>

22       <u>Code</u> § 12965(b);

23  10. For civil penalties for each violation of Cal. <u>Lab. Code</u> § 1102.5.

24  11. For punitive and exemplary damages as provided for by Cal. <u>Civil Code</u> § 3294;

25  12. For damages, penalties and costs of suit as provided for by California <u>Civil Code</u> § 3333.

26  / / /

27  / / /

28  / / /

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

/ / /

13. For damages, penalties and reasonable attorneys' fees and costs of suit against Defendants MILLENNIUM ENGINEERING AND INTEGRATION CO., and VERTEX AEROSPACE LLC as provided for by California Code of Civil Procedure § 1021.5, according to proof;

14. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED:  March 9, 2022                     **B | B LAW GROUP LLP**


By: _____
        Virginia Ksadzhikyan
        Tina Heidari
        Attorneys for Plaintiff,
        ANYA BATH

B | B LAW GROUP  LLP
6100 CENTER DRIVE, SUITE 1100
LOS ANGELES, CA 90045
(323) 925-7800

39

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ex. A - page 44

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 22, 2022

Virginia Ksadzhikyan
6100 Center Drive
Suite 1100
Los Angeles, California 90045

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202202-16200522
      Right to Sue: Bath / Millennium Engineering and Integration Co. et al.

Dear Virginia Ksadzhikyan:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 22, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202202-16200522
        Right to Sue: Bath / Millennium Engineering and Integration Co. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 22, 2022

Anya Bath
6100 Center Drive Suite 1100
Los Angeles, CA 90045

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202202-16200522
        Right to Sue: Bath / Millennium Engineering and Integration Co. et al.

Dear Anya Bath:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 22, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5

Anya Bath                                                            DFEH No. 202202-16200522

6

Complainant,

7

vs.

8

Millennium Engineering and Integration Co.
350 North Akron Road, Suite 2060A

9

Moffit Field, CA 94035

10

Vertex Aerospace LLC
555 Industrial Dr S

11

Madison, MS 39110

12

Linda Snoden
350 North Akron Road, Suite 2060A

13

Moffit Field, CA 94035

14

Respondents

15

_____

16

17

**1.** Respondent **Millennium Engineering and Integration Co.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

18

**2**.Complainant is naming **Vertex Aerospace LLC** business as Co-Respondent(s).

19

Complainant is naming **Linda Snoden** individual as Co-Respondent(s).

20

**3**. Complainant **Anya Bath**, resides in the City of **Los Angeles,** State of **CA.**

21

**4.** Complainant alleges that on or about **March 27, 2020**, respondent took the following adverse actions:

22

23

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment, association with a member of a protected class.

24

25

**Complainant was discriminated against** because of complainant's sex/gender, sexual harassment- hostile environment, association with a member of a protected class and as a

26

27

Date Filed: February 22, 2022

28

1
2
result of the discrimination was terminated, laid off, reprimanded, suspended, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer.

3
4
5
**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, laid off, reprimanded, suspended, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer.

6
7
8
9
10
11
12
13
14
**Additional Complaint Details:** Complainant worked for Respondents beginning in or around September 2016. Throughout her employment, Complainant was subjected to a variety of inappropriate and derogatory sex/gender-based comments. Specifically, Respondent Linda Snoden repeatedly referred to female employees in the workplace as "Bitch," and "Fucking cunt." Respondent Snoden further made multiple references to specific female employees, and asked Complainant questions like, "Who knows how many people she slept with to get where she is?" Respondent Snoden routinely made inappropriate, sex/gender-based comments about female employees in the workplace both to and in the presence of Complainant. This conduct made Complainant extremely uncomfortable, and Complainant complained about and protested this conduct on multiple occasions. Unfortunately, nothing was done to stop or prevent this conduct and Complainant was ultimately terminated from her position due, in part, to her complaints. Respondents terminated Complainant on or about March 27, 2020 in direct retaliation for her complaints of harassment, discrimination, and hostile work environment. Complainant has suffered loss of earnings and emotional distress as a result of Respondents' conduct, as well as other losses, which she continues to incur to date.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-
*Complaint – DFEH No. 202202-16200522*

Date Filed: February 22, 2022

Form 0T_157EAC345513 (Revised 12/21)                                DFEH-ENF 80 RS

VERIFICATION

I, **Virginia Ksadzhikyan**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On February 22, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-

*Complaint – DFEH No. 202202-16200522*

Date Filed: February 22, 2022

Form 0T_157EAC345513 (Revised 12/21)                                        DFEH-ENF 80 RS