UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA BATH,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIUM ENGINEERING AND INTEGRATION CO.; VERTEX AEROSPACE LLC; LINDA SODEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 1:22-cv-01298-ADA-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 17) |

This matter is before the Court on plaintiff Anya Bath's (Plaintiff) motion to remand this action to the Superior Court of California for the County of Kern. (ECF No. 17.) Pursuant to the undersigned's standing order and Local Rule 230(g), the Court took this matter under submission to be decided on the papers on November 22, 2022. (ECF No 18.) For the reasons stated below, the Court will deny Plaintiff's motion to remand.

**I.**

**Factual and Procedural Background**

On March 9, 2022, Plaintiff filed a complaint for damages against Defendants Millennium Engineering and Integration Co. (MEI); Vertex Aerospace LLC (Vertex); Linda Soden; and Does 1 through 100, inclusive, (collectively "Defendants") in the Superior Court of California for the

1

1  County of Kern (the "initial complaint"). (ECF No. 8-1.) In her initial complaint, Plaintiff allege
2  nine causes of action under California law arguing that she was subject to harassment and
3  discrimination on the basis of sex and/or gender and for retaliation and wrongful termination,
4  among other violations.[1] (*Id*.) The initial complaint also alleges that during the relevant time,
5  Plaintiff worked for Defendants "in the County of Kern, California." (*Id*. at ¶ 5.) Subsequently,
6  Plaintiff filed a First Amended Complaint on May 6, 2022, and a Second Amended Complaint
7  (SAC), now the operative complaint, on June 30, 2022. (ECF Nos. 8-14, 8-18.) These amended
8  complaints did not add or remove any of the causes of actions alleged on the initial complaint, nor
9  was the Plaintiff's employment location changed. (*See* ECF Nos. 8-1, 8-14, and 8-18.)

10  On August 15, 2022, Defendant MEI filed its Answer to Plaintiff's SAC on which MEI
11  generally denied all the claims and asserted many affirmative defenses including a federal enclave
12  affirmative defense. (ECF No. 8-20.) This affirmative defense states that Plaintiff's causes of
13  action in her SAC are barred by the federal enclave doctrine because "Plaintiff was employed
14  onsite at NASA's Neil A. Armstrong Flight Research Center, which is located on Edwards Air
15  Force Base and is a federal enclave over which the government of the United States has exclusive
16  jurisdiction." (*Id*. at ¶ 8.) On the same day and represented by same counsel, Co-Defendant
17  Linda Soden also filed her Answer to Plaintiff's SAC and asserted the same federal enclave
18  affirmative defense. (ECF No. 8-21 at ¶ 8.)

19  On August 22, 2022, Defendant MEI served Plaintiff with a request for admissions asking
20  Plaintiff to admit, among other things, that she "worked at the NASA Neil A. Armstrong Flight
21  Research Center, located at 4800 Lilly Avenue, Edwards, California 93523." (ECF No. 17-2 at
22  Ex. 4, Req. Admis. No. 11.) On September 23, 2022, Plaintiff confirmed that this was her place
23  of employment. (ECF No. 1-4 at Ex. D.)
24  ///

---

[1] Plaintiff alleged five causes of action in violation of the Fair Employment and Housing Act ("FEHA") for (1) sex/gender harassment; (2) sex/gender discrimination; (3) hostile work environment harassment; (4) sex/gender retaliation; and (5) failure to prevent harassment, discrimination, and/or retaliation. (ECF No. 8-1 at ¶¶ 34-141.) The other four claims asserted are (6) negligent hiring and retention; (7) intentional infliction of emotional distress; (8) whistleblower violations under Labor Code § 1102.5; and (9) retaliation and wrongful termination in violation of public policy. (*Id*. at ¶¶ 142-212.)

1    On October 11, 2022, eighteen days after Plaintiff confirmed her employment location, Defendants MEI and Linda Soden removed the action to this federal court asserting federal enclave jurisdiction.[2]  (ECF No. 1.)  In their notice of removal, Defendants assert that removal is proper under 28 U.S.C. §§ 1141 and 1446(b) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 since it concerns conduct that occurred on a federal enclave.  (ECF No. 1 at 2-3.)  Defendants contend that removal was timely under 28 U.S.C. § 1446(b)(3) as Plaintiff's initial complaint was not removable and removal was accomplished within thirty days after receipt by the Defendants of an "other paper" disclosing the basis for removal—Plaintiff's admission of her work location which is a federal enclave.  (ECF Nos. 19, 21.)

Subsequently, on November 10, 2022, thirty days after the notice of removal was filed, Plaintiff filed a motion to remand.  (ECF No. 15.)  On November 14, 2022, this Court denied the motion without prejudice for failure to comply with this Court's Standing Order and gave the Plaintiff five court days to properly file the motion.[3]  (ECF No. 16.)  Pursuant to this Court's order, the Plaintiff timely filed the pending motion to remand on November 21, 2022.  (ECF No. 17.)  Therein, Plaintiff alleges that as her employers, Defendants had actual knowledge of Plaintiff's employment location—a federal enclave—thus, they had knowledge of grounds for removal at the time the initial complaint was served, and the thirty-day deadline for removal was triggered.  (*Id*.)  Plaintiff alternatively alleges that even if the initial complaint did not trigger the removal period, Defendants MEI and Linda Soden's Answers to Plaintiff's SAC which include a federal enclave affirmative defense, constitute an "other paper" from which Defendants could first ascertain that the case was removable, and the notice of removal was filed almost a month too late.  (*Id*.)  Plaintiff does not, however, challenge Defendants' jurisdictional basis for removing the case—only its timeliness.  (*Id*.)  Defendants filed their oppositions to the motion to

///

---

[2] Co-Defendant Vertex consented to the removal.  (ECF No. 1 at 3.)

[3] Pursuant to this Court's Standing Order in Civil Actions, counsel must meet and confer prior to filing any motions and the moving party must include a brief declaration that the parties exhausted meet and confer efforts.  (E.D. Cal. S.O. J. de Alba at 2.)  Plaintiff's motion contained no declaration regarding meet and confer efforts as required by the standing order.  (ECF No. 15.)

remand on December 5, 2022.  (ECF Nos. 19, 20.)  Plaintiff filed her reply on December 15, 2022.  (ECF No. 21.)  Since Plaintiff does not challenge the jurisdictional basis for removal of this action, this Court will only address the timeliness issue of the removal notice.

## II.
## Legal Standard

A lawsuit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or whether there is diversity of citizenship among the parties and amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over the removed action, "the case shall be remanded."  28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction.  *Durham v. Lockheed Martin Corp*, 445 F.3d 1247, 1253 (9th Cir. 2006).  The burden of establishing that removal is proper falls to the party invoking the statute.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

As to the timeliness of removal, 28 U.S.C. § 1446(b) sets forth two separate thirty-day provisions that govern the time to remove a case from state court to federal court.  First, a notice of removal must be filed within thirty days of defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Second, if the initial pleading does not indicate that the case is removable, a second thirty-day deadline for removal will begin to run when defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  The first thirty-day removal deadline set forth in 28 U.S.C. § 1446(b) "is mandatory such that a timely objection to a late petition will defeat removal."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir.

2013).  "If a notice of removal is filed after [the second] thirty-day window, it is [also] untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  A case removed after the thirty-day deadline may be remanded on procedural grounds upon a motion filed within thirty days of removal.  28 U.S.C. § 1447(c).

## III.

## Discussion

In this pending motion, the parties dispute whether Defendants' removal of this action was timely.  There is no question that Defendants' removal on October 11, 2022, was timely if the thirty-day deadline began to run when Plaintiff's responses to request for admissions were served on Defendant MEI on September 23, 2022.  Plaintiff, however, contends that as her employers, Defendants had actual knowledge of her employment location—a federal enclave—and they had notice of removal when they were served with the initial complaint on March 9, 2022.  Alternatively, Plaintiff argues that even if the initial complaint was not removable, Defendants received notice of removal when Defendants served their Answers to Plaintiff's SAC on August 15, 2022, which constitute "other paper."  If this is the case, then Defendants' deadline to file the notice of removal was September 14, 2022, and by filing the removal notice on October 11, 2022, they were nearly a month too late.

First, this Court will analyze Plaintiff's claim that the initial pleadings made the case removable because Defendants had actual knowledge that Plaintiff worked at a federal enclave.  Then, the Court will analyze whether Defendants MEI and Linda Soden's Answers to Plaintiff's SAC constitute "other paper," thus triggering the second thirty-day deadline and making Defendants' notice of removal untimely. For the reasons explained below, both of Plaintiff's arguments fail and Defendants' removal notice was timely filed.

**A.     Plaintiff's initial complaint did not disclose grounds for removal on its face.**

The Supreme Court has long held that for an initial complaint to be adequate for removal based on federal question jurisdiction it must satisfy the "well-pleaded complaint rule" which states that "federal jurisdiction exists only when a federal question is present on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5

1    Generally, "a case may not be removed on the basis of federal defense…even if the defense is
2    anticipated in plaintiff's complaint." *Id*. Moreover, the Supreme Court has declined to adopt the
3    proposal that "the answer as well as the complaint … be consulted before a determination [is]
4    made whether the case 'ar[ises] under' federal law." *Holmes Grp., v. Vornado Air Circulation*
5    *Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Franchise Tax Bd. Of Cal. v. Construction Laborers*
6    *Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983)). Under the well-pleaded complaint
7    rule, plaintiff is the master of the complaint, and she has the right to, "by eschewing claims based
8    on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–
9    399.

10   Here, Plaintiff does not argue that the initial complaint satisfies the well-pleaded
11   complaint rule by including federal claims on its face. (ECF No. 17.) Instead, Plaintiff alleges
12   that Defendant MEI knew of federal enclave jurisdiction when the initial complaint was served
13   because MEI was Plaintiff's employer and "[i]t would be patently absurd for MEI to claim that
14   they did not know where MEI had employed Plaintiff." (ECF No. 17-1 at 6.) Nevertheless, the
15   Court reviewed the initial complaint and the only thing indicative of Plaintiff's employment
16   location was that Plaintiff worked for Defendants "in the County of Kern, California." (ECF No.
17   8-1 at ¶ 5.) This, however, is insufficient to satisfy the well-pleaded complaint rule because
18   nothing was mentioned about a federal enclave, nor was there any other information included on
19   the face of the initial complaint that provides grounds for removal. *Caterpillar Inc.*, 482 U.S. at
20   398–399. Additionally, Plaintiff only sought state law remedies, thus "by eschewing claims
21   based on federal law, [a plaintiff can] choose to have the cause heard in state court." *Id* at 399.
22   Accordingly, Plaintiff's initial complaint was not removable because it did not plead federal
23   question on its face. *Id*.

24   With regard to Plaintiff's claim that Defendants "actually knew of the grounds for
25   removal based on federal enclave jurisdiction [as Plaintiff's employers] on the date they were
26   served with the complaint" the Court is not persuaded for the following reasons. (ECF No. 17-1
27   at 6.) First, the Plaintiff argues this case is similar to *Aledavood v. First National Insurance Co.*
28   *of America*, No. CV131760MWFPJWX, 2013 WL 12133648 (C.D. Cal May 13, 2013) in which

6

an insurance company argued that because the plaintiff's address was not on the face of the complaint, the removal deadline was not triggered. (*See Id*. at 7.) The court rejected the argument stating that defendant had possession of the insurance policy which contained plaintiff's address and defendant could not remain "willfully blind" to facts of which they had knowledge. *Aledavood,* 2013 WL 12133648 at *2. However, the *Aledavood* case is distinguishable to the case at hand because the *Aledavood*'s court, in holding that the initial complaint disclosed grounds for removal, noted that the plaintiff attached a copy of the insurance policy which contained plaintiff's address to the initial complaint and incorporated it by reference. *Id*. at *1. Thus, the initial complaint was removable on its face. *Id*. Here, after reviewing the entire file, the Court did not find any indicia on the initial complaint, nor in any other document incorporated by reference, that Plaintiff was employed at a federal enclave. Accordingly, the *Aledavood*'s holding is not applicable to this case because it is factually different.

Second, Plaintiff asserts that in *Banta v. American Medical Response Inc.*, No. CV 11-03586 GAF RZX, 2011 WL 2837642, at *2 (C.D. Cal. July 15, 2011) "[t]he [c]ourt noted that 'where a defendant in the exercise of diligence could readily ascertain, on the basis of information within its (often sole) possession' that there are grounds for removal, the removal deadline is triggered." (*See* ECF No. 17-1 at 7) (citations omitted). However, Plaintiff omits factual basis in the court's ruling in *Banta* that differentiate that case from the case at hand. The *Banta* case is a Class Action Fairness Act (CAFA) minimum amount in controversy case. *Banta,* 2011 WL 2837642. The court's holding in *Banta* was narrowly focused on the amount in controversy element of the CAFA requirement. *Id*. The case before this Court is about federal question jurisdiction, not about CAFA and thus, it is governed by the well-pleaded complaint rule discussed above. *Caterpillar Inc.*, 482 U.S. at 398–399. Plaintiff further assert that *Banta* "distinguished *Harris*[4] and noted the point of *Harris* was to eliminate gamesmanship, not to

///

---

[4] *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) is a diversity of citizenship case which established the Ninth Circuit's "bright line approach" by holding that removability must be ascertained through examination of the four corners of the pleading and the defendant has no duty to investigate whether there could possibly be a basis for removal.

promote it by allowing a defendant to pretend they did not know of grounds for removal when they had the information they needed." (ECF No. 17-1 at 7) (citing *Banta*, 2011 WL 2837642 at *2). Plaintiff's assertion is correct, but Plaintiff omits to state that the court noted that "[*Harris*] is distinguishable in that it does not address the amount in controversy problem raised in [the *Banta*] case." *Id*. at *4.[5] As such, this Court finds the ruling in *Banta* not applicable to this case.

Lastly, the other cases cited by Plaintiff in support of her claim that removal is triggered when the initial complaint is served on defendants due to defendants having actual knowledge of removal grounds fail to persuade this Court. Plaintiff alleges that the "time of removal ran from service of complaint when the grounds for removal cited by the defendant was 'a fact known to the [defendant] all along.'" (ECF No. 17-1 at 7) (quoting *White v. Santa Clara Valley Water Dist.*, No. 20-CV-04242-VKD, 2020 WL 6561358, at *5 (N.D. Cal. Nov. 9, 2020)). Plaintiff also alleges that "defendant knew of grounds for removal as they had the necessary 'information in their possession as Plaintiffs' employer.'" (*Id*. at 7-8) (quoting *Thomas v. CVS Health Corp.*, No. 2:19-CV-04283-R-FFM, 2019 WL 3526344, at *3 (C.D. Cal. Aug. 1, 2019)).

However, in *White* the court noted that the reason why defendants did not remove the case initially was because other defendants did not consent to removal, not because they did not know they were the owners of the dam (the "fact known all along"). *White*, 2020 WL 6561358 at *5. In fact, the removing defendants acknowledged in state court proceedings that they were the only owners of the dam; thus, the court did not need to investigate as to whether defendants knew they were the sole owners. *Id*. at *4. Here, there is nothing in the state court records submitted to this

///

---

[5] There is a disagreement among district courts as to whether the Ninth Circuit intended its *Harris* ruling to apply to cases in which the amount in controversy is not apparent on the face of the initial pleadings. *Sketchers U.S.A., Inc. v. Hartford Ins. Co. of the Midwest*, No. CV 12-09884 SJO (EX), 2013 WL 12138712, at *2 (C.D. Cal. 2013). It is important to note that the Plaintiff cites to some of the cases that are part of this split in authority to support her argument that the Defendants' actual knowledge of grounds for removal triggers the thirty-day deadline when the initial complaint is served. *See Banta v. Am. Med. Response Inc.*, No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011); *Thomas v CVS Health Corp.*, No. 2:19-CV-04283-R-FFM, 2019 WL 3526344 (C.D. Cal. Aug. 1, 2019); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). However, since the case before this Court concerns federal question jurisdiction and not minimum amount in controversy, those cases are not applicable to the case before this Court.

1   Court that suggests that Defendants had actual knowledge that Plaintiff was employed at a federal
2   enclave.  As for the *Thomas* case, it is a CAFA case and the issue for removal was the certainty of
3   the amount in controversy element.  *Thomas*, 2019 WL 3526344.  The court determined that the
4   defendants had notice of removal based on service of documents on defendant in a prior, related
5   case and not due to defendants' knowledge of removable grounds as plaintiff's employer.  *Id.* at
6   *3.  Here, as mentioned above, the case before this Court is a federal question jurisdiction case,
7   therefore, it is distinguishable from the *Thomas* case.  Also, this case does not involve the service
8   of documents on Defendants in a prior, related case.  Accordingly, the rulings in *Thomas* and
9   *White* are not applicable to this case.
10      Consequently, for the reasons stated above, the removal deadline was not triggered when
11  the initial complaint was served on Defendants.
12  **B.     The second thirty-day deadline was not triggered by Defendants' Answers.**
13      Generally, "if the initial pleading is not removable, a notice of removal may be filed
14  within 30 days after receipt by the defendant, through service or otherwise, of a copy of an
15  amended pleading, motion, order or other paper from which it may first be ascertained that the
16  case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Although federal courts
17  have not come to an agreement with respect to what exactly constitutes "other paper," the
18  majority of circuits, including the Ninth Circuit, have agreed that the document in question must
19  provide evidence of removability that is "unambiguous" or "plainly stated"—the "bright line
20  approach."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690 (9th Cir. 2005) (holding notice
21  of removability under § 1446(b) is determined through examination of the four corners of the
22  applicable pleading, not through subjective knowledge or duty to make further inquiry.); *See also*
23  *Graiser v. Visionworks*, 819 F.3d 277 (6th Cir. 2016); *Lovern v. General Motors Corp.*, 121 F.3d
24  160 (4th Cir. 1997); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2nd Cir. 2001)
25  (relevant test is what the document said, not what defendant purportedly knew); *Bosky v. Kroger*
26  *Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (federal question or diversity of citizenship must be
27  "unequivocally clear and certain."); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090, 1094 (9th Cir.
28  2021) (ruling that the Ninth Circuit "bright-line approach" means the second thirty-day clock

1  does not start until a subsequent paper makes the grounds for removal "unequivocally clear and
2  certain.")  The rationale behind the "bright line approach" is to avoid "mini-trials" as to when the
3  defendant should have discovered that there was a basis for removal. *Ezaki v. United Parcel
4  Serv., Inc.*, No. CV0808087DDPRZX, 2009 WL 10671389, at *6 (C.D. Cal. Mar. 9, 2009).

5  Additionally, as the Ninth Circuit has previously explained, an action not removable as
6  originally filed must remain in state court unless plaintiff does something *voluntarily* to change
7  the nature of the case and render it removable. *White v. Santa Clara Valley Water Dist.*, No. 20-
8  CV-04242-VKD, 2020 WL 6561358, at *4 (N.D. Cal. Nov. 9, 2020) (emphasis added) (quoting
9  *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657-68 (9th Cir. 1978)).  Only changes over which
10 plaintiff has control can affect removability as plaintiff is the "master of the claim" for removal
11 purposes. *Self*, 588 F.2d 655 at 659; *See also Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988.)

12 Here, the Plaintiff argues that Defendants had notice of removal on August 15, 2022,
13 when "MEI and a separate defendant [Linda Soden] filed pleadings— their answers –stating
14 explicitly that Plaintiff was employed at Edwards Air Force Base, that 'each and every purported
15 cause of action' was subject to federal enclave jurisdiction, and that there is federal question
16 jurisdiction." (ECF No. 17-1 at 5.)  To support her argument, Plaintiff cites to *Rhodan v. Job
17 Options, Inc.*, No. 19-CV-1141-CAB-BGS, 2019 WL 3887351, at *2 (S.D. Cal. Aug. 19, 2019)
18 stating that the court declined in a federal enclave case to decide whether facts known to the
19 employer trigger the deadline for removal, but the court ultimately concluded that since the
20 defendant served documents containing the address of the federal enclave, the defendant knew of
21 the grounds for removal. (*Id.*)

22 However, Plaintiff's allegations fail to persuade this Court. First, an affirmative defense
23 included in an answer to a complaint does not mean that the affirmative defense applies to the
24 case. Generally, an affirmative defense must be asserted on the responsive pleading to a
25 complaint or else waived. Fed. R. of Civ. P. 8.  As Defendants MEI and Linda Soden state, they
26 alleged the affirmative defense to preserve the issue as a defense to Plaintiff's claims. (ECF No.
27 19 at 2.)  Also, looking at the four corners of Defendants' answers and since the affirmative
28 defenses asserted therein may or may not apply to the case, they are not "unequivocally clear and

1   certain" to meet the Nine Circuit's "bright line approach" to trigger the second thirty-day deadline
2   for removal.  *Dietrich*, 14 F.4th 1089 at 1094.

3         Second, the Plaintiff alleges that in accordance with the ruling in *Rhodan*, since the
4   Defendants served their answers containing the federal enclave address, they received notice of
5   federal enclave jurisdiction and thus grounds for removal were ascertained.  (ECF No. 19 at 2.)
6   However, as Defendants MEI and Linda Soden correctly point out in their opposition to this
7   motion, the court in the *Rhodan* case held that the defendant had notice of removal because the
8   documents containing the federal enclave address were produced during discovery—during
9   litigation itself—not in an answer to a complaint.  (*Id*. at 8.)  Furthermore, in *Rhodan*, the
10  documents containing the grounds for removal were produced as a *result of a voluntary act of the*
11  *plaintiff*—request to produce documents in discovery.  *Rhodan,* 2019 WL 3887351 at *2
12  (emphasis added). That case is distinguishable to the case at hand because Defendants' Answers
13  containing the federal enclave address were not produced in discovery, nor were they a result of a
14  voluntary act by Plaintiff, thus the removal deadline was not triggered.

15        Plaintiff also states that in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121,
16  1125 (9th Cir. 2013) the court held that defendant had notice of removal when they reviewed their
17  employment files and discovered grounds for removal.  (ECF No. 17-1 at 5.)  In *Roth*, the court
18  noted that after the defendant voluntarily investigated by looking into its records and found
19  grounds for removal, they promptly filed a timely notice of removal.  *Roth,* 720 F.3d 1121 at
20  1125.  However, it's important to reiterate that the court followed its *Harris* holding by noting
21  that a defendant does not have a duty to investigate if the initial pleading or "other paper" is
22  indeterminate regarding removability.  *Id*.  In other words, the court concluded that a defendant
23  may investigate for grounds of removal, but it is not mandatory.  *Id*.  In the present action, the
24  Plaintiff has not pointed out to anything in the record that suggests that Defendants discovered
25  unequivocal grounds for removal by conducting its own investigation before they were served
26  with Plaintiff's answers to request for admissions.  Additionally, if this Court adopts Plaintiff's
27  argument, it will run afoul of the Ninth Circuit's "bright line approach" rationale and would have
28  to conduct a "mini-trial" to determine whether Defendants investigated grounds for removal and

11

if so, when did the deadline started to run. *Ezaki*, 2009 WL 10671389, at *6.  Therefore, Defendants' Answers to Plaintiff's SAC did not trigger the thirty-day removal deadline.

Accordingly, the Court finds that Defendants MEI and Linda Soden's notice of removal was timely because it was filed on October 11, 2022, eighteen days after the Plaintiff served Defendant MEI responses to request for admissions on September 23, 2022, which contained Plaintiff's admission that she was employed onsite on a federal enclave which provided grounds for removal based on federal question jurisdiction.

**IV.**

**Conclusion**

For the reasons explained above, Plaintiff's motion to remand this matter to the Superior Court of California for the County of Kern (ECF No. 17) is denied.

IT IS SO ORDERED.

Dated:   January 30, 2023

_____
UNITED STATES DISTRICT JUDGE

12