s

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA BATH,<br><br>          Plaintiff,<br><br>    v.<br><br>MILLENNIUM ENGINEERING AND<br>INTEGRATION CO., *et al*.<br><br>         Defendants. | Case No. 1:22-cv-01298-ADA-CDB<br><br>ORDER ON STIPULATION EXTENDING<br>TIME FOR PARTIES TO FILE<br>DISPOSITIONAL DOCUMENTS<br><u>AS MODIFIED</u><br><br>(Doc. 41)<br><br><u>14-DAY DEADLINE</u> |

On June 13, 2023, Plaintiff Anya Bath ("Plaintiff") and Defendant Vertex Aerospace LLC filed a joint stipulation of dismissal with prejudice, noting a settlement between the two parties had been reached.  (Doc. 35).  On July 19, 2023, Plaintiff and Defendants Millennium Engineering and Integration Co. and Linda Soden filed a notice of settlement of the entire case.  (Doc. 39).  The following day, the Court ordered the parties to file dispositional documents within 21 days pursuant to Local Rule 160(b).

Pending before the Court is the parties' stipulated request for extension of time to file dispositional documents.  (Doc. 41).  In the stipulation, the parties represent Plaintiff's counsel has been limited in her time and ability to finalize the terms of the settlement due to family circumstances.  *Id*. at 2.  The parties have reached a settlement agreement but "require additional time to perform their various obligations under the settlement agreement before the case can be dismissed."  *Id*.

1

1       The Court acknowledges the unforeseen family circumstances referenced in the parties'

2  stipulation warrant a brief extension of time.  However, the stipulation does not present good cause for

3  32 additional days. The act of "obtaining signatures" may require some additional time; however, the

4  parties' apparent intention to delay dismissing the case to gain "additional time to perform their

5  various obligations under the settlement agreement" (Doc. 41 p.2) is improper. "The normal remedy

6  for a failure to abide by a settlement of federal litigation is a suit on the settlement contract.  Such a

7  claim arises under state law and must proceed in state court" unless the basis for federal jurisdiction

8  was diversity.  *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008).  In other

9  words, a federal question claim (as presented in this case) is "extinguished by the settlement and

10  converted ... into a claim under a contract." *Id.* at 739.

11       Since it is clear from the pleadings that the parties have settled their respective claims, the

12  claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties

13  have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance

14  with the stipulation requirement has not been required where the agreement of all parties is apparent."

15  *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and

16  quotations omitted).  *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

17       Nevertheless, the Court declines to order dismissal at this juncture as it is apparent the parties

18  have worked diligently to reach a negotiated resolution of their claims and require a brief time to sign

19  their agreement.

20       For the foregoing reasons, IT IS HEREBY ORDERED the parties are granted 14 additional

21  days and shall file dispositional documents no later than August 25, 2023.

22  IT IS SO ORDERED.

23     Dated:  __August 11, 2023__          _____

24                             UNITED STATES MAGISTRATE JUDGE